UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORMAN J. RESNICOW, | ) | Case No. 24-10354 (DSJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DECISION AND ORDER GRANTING DEBTOR'S MOTION TO ENFORCE
AUTOMATIC STAY**

I.     **Introduction and Summary of Ruling**

Before the Court is the motion of Debtor Norman J. Resnicow ("Mr. Resnicow") to enforce the automatic stay as against 71 Washington Place Owners, Inc. ("71 Washington" or "Landlord"), the cooperative apartment corporation that owns the eight-unit building in which Mr. Resnicow and his wife have long resided. As is typical of New York coop owner-residents, Mr. Resnicow owns shares in 71 Washington (the "Shares") and holds rights arising under an associated proprietary lease from 71 Washington that entitled him to the use and occupancy of "his" apartment in the building (the "Apartment").

Mr. Resnicow's relationship with 71 Washington has been acrimonious for years and has involved extensive state-court litigation, culminating in 71 Washington's securing a "Decision + Order on Motion" from the state court terminating Mr. Resnicow's proprietary lease based on his "objectionable conduct." [ECF No. 19-5] ("**Decision + Order on Motion**") at 7-8. The presiding state court filed its judgment on March 5, 2024; later that same day Mr. Resnicow filed the Chapter 11 bankruptcy petition that commenced this case. 71 Washington nevertheless persisted in its efforts to enforce its judgment terminating the lease, including by communicating with the New York County Sheriff regarding a planned eviction of the Resnicows. In response, after 71 Washington rejected Mr. Resnicow's demands that it discontinue enforcement efforts, Mr.

Resnicow moved for an order in this Court to enforce the automatic stay. [ECF No. 17] ("**Debtor's Motion**"). 71 Washington opposed the motion. [ECF No. 22] ("**Opposition**").

The central question now before the Court is whether 71 Washington's actions violated the automatic stay that arose on the filing of the bankruptcy petition. *See generally* 11 U.S.C. § 362. 71 Washington says no, on the theory that 71 Washington is a lessor that obtained a judgment for possession of the Apartment before Mr. Resnicow filed his petition, thus (71 Washington contends) rendering the automatic stay ineffective against its efforts to evict Mr. Resnicow. *See* 11 U.S.C. § 362(b)(22). 71 Washington advances no other argument against the Debtor's Motion beyond its asserted rights under 11 U.S.C. § 362(b)(22).

Careful review of the record reveals that 71 Washington does not satisfy the requirements of 11 U.S.C. § 362(b)(22). That statutory text provides that the automatic stay does not bar lessors from continuing any eviction or similar proceeding under a lease "with respect to which the lessor has obtained *before the date of the filing of the bankruptcy petition*" a "judgment for possession of such property against the debtor." *Id.* (emphasis added). Under New York law, neither a decision in a proceeding, nor a judge's opinion, nor an order that judgment be entered, amount to a judgment. *See Marsh v. Johnston*, 108 N.Y.S. 161, 161-62 (App. Div. 1908). As the state court's decision in favor of 71 Washington states that "it is further ordered that [upon] submission of a proposed judgment in the appropriate form, the Clerk of the Court is directed to enter judgment in favor of Plaintiff [71 Washington]," the state court decision does not amount to a judgment under New York law. Decision + Order on Motion at 15; *see H & H Realty Prop. LLC v. Rodriguez*, 926 N.Y.S.2d 344 (Civ. Ct. Bronx Cnty. 2011) (unpublished table decision) ("[A]n order directing that judgment be entered is not a judgment.") (citing, *inter alia, Marsh,* 108 N.Y.S. at 161). Entry of a judgment under New York law requires the clerk to sign and file

2

the judgment. *See* N.Y. C.P.L.R. 5016(a) (McKinney 2024). Thus, as the Decision + Order on Motion cannot be a judgment under New York law, the Ejectment Order & Judgment, which bears the clerk's signature, represents the only document that could count as a judgment for purposes of 11 U.S.C. § 362(b)(22). *Compare* Decision + Order on Motion (lacking clerk's signature) *with* [ECF No. 19-6] ("**Ejectment Order & Judgment**") at 3 (bearing clerk's signature).

The clerk signed and filed the Ejectment Order & Judgment in favor of 71 Washington on March 5, 2024, Ejectment Order & Judgment at 3-4; Mr. Resnicow filed his bankruptcy petition on that same date. [ECF No. 1] ("**Petition**") at 6. The judgment in favor of 71 Washington thus fails to meet the explicit requirement of 11 U.S.C. § 362(b)(22)'s exception to the automatic stay that the lessor obtain the judgment for possession "before the date of the filing of the bankruptcy petition." 11 U.S.C. § 362(b)(22).

It therefore is inescapable that 71 Washington has violated the automatic stay, although the Court does not question the sincerity of its belief that 11 U.S.C. § 362(b)(22) authorized its actions. The case thus presents yet another cautionary tale regarding the sweep of the automatic stay and the importance of proceeding with caution and Court authorization in the absence of well-founded certainty that the stay does not apply.

The question becomes one of remedy. Mr. Resnicow demands an award of his reasonable costs and fees in bringing this motion, and 71 Washington's briefing did not meaningfully address what sanction would be appropriate if the Court concludes it violated the automatic stay. The Court concludes that an award of reasonable costs and fees of bringing the motion is appropriate and supported by abundant case law. The Court therefore directs Mr. Resnicow to submit a proposed order along with a showing of what his fees and expenses were; 71

3

Washington will have an opportunity to respond. The Court would welcome an agreed-upon proposed fee award. More broadly, the Court encourages constructive engagement toward a consensual resolution of the parties' overall entitlements, or, failing that, shared commitment to an efficient process that minimizes unproductive legal expense, delay, and acrimony.

II.     **Background, Motion, and Positions**

Mr. Resnicow lives in Apartment 1A of 71 Washington Place, New York, NY 10011. Petition at 2. In 2004, Mr. Resnicow and his wife, Barbara Resnicow (a non-debtor; together, "the Resnicows"), simultaneously signed a proprietary lease with 71 Washington and purchased and received 320 shares in 71 Washington. Debtor's Motion at ¶¶ 11-12. The Resnicows, 71 Washington, and others have litigated various claims against each other in New York state courts for years. For purposes of this decision, the relevant events are as follows: On February 15, 2022, 71 Washington terminated the proprietary lease as between itself and the Resnicows. *See* Ejectment Order & Judgment at 2. 71 Washington then sought to eject the Resnicows in a proceeding before the Supreme Court of the State of New York which the Resnicows opposed. *See* Decision + Order on Motion at 2-5. The presiding New York state judge ruled for 71 Washington and signed its Ejectment Order & Judgment on February 29, 2024, which the clerk of that court subsequently signed on March 5, 2024, and which the clerk then filed at 9:40 a.m. on March 5. *See* Ejectment Order & Judgment at 3-4.

Later the same day, Mr. Resnicow filed a bankruptcy petition in this Court. *See* Petition at 6; Opposition at ¶ 30. Also on March 5, he filed a Suggestion of Bankruptcy in state court, to which 71 Washington responded on March 15, 2024, with a letter to the state court, asserting that it had the right to continue with eviction proceedings. [ECF No. 19-8] ("**State Court Ejectment Letter**"). Debtor, through counsel, informed 71 Washington of its view that the stay applied and

4

demanded that 71 Washington cease any efforts to enforce the Ejectment Order & Judgment; 71 Washington, through counsel, refused. *See generally* [ECF No. 19-12]. On March 18, 2024, Mr. Resnicow filed the motion now before this Court to bar any attempt by 71 Washington to evict him. He argued that the State Court Ejectment Letter violated the automatic stay, and he asked this Court to hold 71 Washington in civil contempt and impose sanctions under 11 U.S.C. § 362(k). *See* 11 U.S.C. § 362(k); Debtor's Motion at ¶ 59.

Mr. Resnicow's motion raised three main arguments, none of which relied on what the Court views as the dispositive plain language of 11 U.S.C. § 362(b)(22). First, he asserts that the Ejectment Order & Judgment is not a "judgment for possession" within the meaning of the exception to the automatic stay set out in 11 U.S.C. § 362(b)(22) because the Ejectment Order & Judgment is not "final" since Mr. Resnicow may still appeal it. *See* 11 U.S.C. § 362(b)(22); Debtor's Motion at ¶¶ 42-45. Second, he insists that any eviction would interfere with the estate's interest in the Shares and thereby violate the automatic stay. *See* Debtor's Motion at ¶¶ 52-54. Third, he contends that the proprietary lease survived the Ejectment Order & Judgment and thus became property of his bankruptcy estate, so that any act to dispossess him of the Apartment violates the automatic stay. *See id.* at ¶¶ 47-48.

71 Washington opposed, invoking 11 U.S.C. § 362(b)(22) and arguing that the cases Mr. Resnicow cites supporting his interpretation of it do not bind this Court and do not persuasively interpret the statute. *See* Opposition at ¶¶ 46-57. 71 Washington also argues that the proprietary lease terminated at a time no later than the entry of the Ejectment Order & Judgment—meaning that Mr. Resnicow's bankruptcy estate has no interest in it—and that Debtor's Motion improperly conflates eviction with attempting to exercise control over the Shares. *See id.* at ¶¶ 66-76.

5

The Court heard argument on March 20, 2024, and reserved decision after 71 Washington agreed not to pursue eviction before the Court issued its decision. [ECF No. 33] ("**Hearing Transcript**") at 32-33. At the hearing, both parties appeared to accept that the temporal requirement of 11 U.S.C. § 362(b)(22) was satisfied because the state-court judgment was entered "before" the petition was filed, *see id.* at 8-11, and neither party identified the statutory wording issue that the Court now considers controlling. Neither did the Court.

While working on its decision, however, the Court realized that the actual wording of 11 U.S.C. § 362(b)(22) requires the eviction judgment being enforced to have been "obtained" on a *date* before the petition date, not merely at *any time* before the petition was filed. The Court entered an order identifying this issue and inviting the parties to files responses on or before April 12. [ECF No. 38]. The parties have done so, and the Court has reviewed their supplemental submissions.

### III.    Legal Standards

The Bankruptcy Code, as applicable here, defines a debtor's bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It further provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under

this title [and] (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . .

11 U.S.C. § 362(a). However, 11 U.S.C. § 362(b)(22) shields from the automatic stay certain eviction actions:

> The filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay, subject to subsection (*l*), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor . . . .

11 U.S.C. § 362(b)(22). "The default rule is that the automatic stay does not apply to eviction proceedings where the lessor obtained a judgment for possession prior to the petition date." *In re Williams*, 646 B.R. 399, 402 (Bankr. S.D.N.Y. 2022). Further, although not at issue here, Subsection (*l*) of 11 U.S.C. § 362 provides a method by which a tenant in some circumstances may stop an eviction that 11 U.S.C. § 362(b)(22) would otherwise permit. However, Mr. Resnicow has not invoked the protections of 11 U.S.C. § 362(*l*), nor does it appear that he could, as the eviction action at issue in this case arises from a non-monetary default. *See* Decision + Order on Motion at 7-8; *In re Soto*, 500 B.R. 679, 682 (Bankr. S.D.N.Y. 2013) ("Section 362(*l*) of the Code does not prevent the operation of Section 362(b)(22) where the judgment of possession is based on a non-monetary default.") (citing *In re Griggsby,* 404 B.R. 83, 88–89 (Bankr. S.D.N.Y. 2009)).

The standards for imposing remedies for stay violations are discussed below, after this decision's analysis of whether the exception to the stay applied.

**IV.    Discussion**

A. <u>The Ejectment Order & Judgment Does Not Trigger the Section 362(b)(22) Exception to the Stay Because It was Not "Obtained" on a Date Before the Petition Date</u>

The parties' arguments failed to identify what the Court views as controlling statutory text. Contrary to the parties' discussion, 11 U.S.C. § 362(b)(22) does not state that it applies to all judgments "obtained before" the moment the bankruptcy petition was filed. It applies to judgments that were "obtained before the date of the filing of the bankruptcy petition." 11 U.S.C. § 362(b)(22). The presiding state-court judge signed the judgment in question on February 29, and the clerk signed it on March 5; the clerk filed it on March 5. *See* Ejectment Order & Judgment at 3-4. New York law dictates that, "[a] judgment is entered when, after it has been signed by the clerk, it is filed by him." N.Y. C.P.L.R. 5016(a) (McKinney 2024). 71 Washington's supplemental submission, [ECF No. 43] ("**Landlord Supplement**"), fails to establish any viable theory supporting the idea that a judgment entered on March 5, 2024, could be said to have been "obtained" on any date before that day. In fact, authority in New York runs against 71 Washington. "Once his judgment has been entered—that is the moment which makes the judgment enforcible [sic]—the judgment creditor may turn to whichever devices suit his particular purpose." *Herbert H. Levess & Co. v. Celebrity Knitwear, Inc.*, 498 N.Y.S.2d 974, 975 (Sup. Ct. N.Y. Cnty. 1986).

None of 71 Washington's authority and none of its arguments grapple with the text of 11 U.S.C. § 362(b)(22) itself, which renders the stay inapplicable only on account of judgments of eviction or similar relief "obtained before the date" of the petition. Nor can 71 Washington's

8

invocation of Congress's evident intent to protect residential landlords from having their possessory rights derailed by eleventh-hour bankruptcy filings, Landlord Supplement at 10-12, override the statute's express language. *See United States v. Locke*, 471 U.S. 84, 95 (1985) ("[T]he legislative purpose is expressed by the ordinary meaning of the words used.") (quoting *Richards v. United States*, 369 U.S. 1, 9 (1942)).

B. Other Issues Contested by the Parties Need Not Be Resolved

The inapplicability of 11 U.S.C. § 362(b)(22) is dispositive here. The parties briefed several issues which the Court notes without deciding.

1. Whether the Ejectment Order & Judgment Constitutes a "Judgment for Possession"

Mr. Resnicow contends that an eviction judgment must be "final," meaning non-appealable, to constitute a "judgment for possession" within the meaning of 11 U.S.C. § 362(b)(22). *See* Debtor's Motion at ¶¶ 42-45. Decisions of several courts appear to support this view. *See, e.g.*, *In re Nicholson*, No. 2:17-BK-20744-TLM, 2019 WL 2524291, at *3 (B.A.P. 9th Cir. June 18, 2019) ("The Code does not define the phrase 'judgment for possession' in § 362(b)(22). The few courts that have addressed this issue have interpreted the phrase to mean a final, non-appealable judgment. Thus, for the exception to the automatic stay to apply, the landlord must obtain a final, non-appealable judgment for possession prior to the debtor's bankruptcy filing.") (citing *Bedford Hill Cmty. v. Brown (In re Brown)*, 545 B.R. 123, 126-27 (Bankr. W.D. Pa. 2016); *In re Tatum*, No. 14-03676-NPO, 2015 WL 1061673, at *3 (Bankr. S.D. Miss. Mar. 6, 2015); *In re Nitzsky*, 516 B.R. 846, 848-49 (Bankr. W.D.N.C. 2014); *In re Griggsby*, 404 B.R. 83, 86-87 (Bankr. S.D.N.Y. 2009); *Hous. Auth. of Beaver Cnty. v. Alberts (In re Alberts)*, 381 B.R. 171, 177-78 (Bankr. W.D. Pa. 2008)).

9

71 Washington challenges this view, noting that the court in *In re Griggsby* described the judgment in question as final but did not rest its holding on that fact, let alone halt an eviction on the grounds that the state court judgment needed to be final and therefore non-appealable for 11 U.S.C. § 362(b)(22) to apply. *See* Opposition at ¶ 48; *In re Griggsby*, 404 B.R. 83, 86 (Bankr. S.D.N.Y. 2009) ("On January 5, 2007, after a hearing, the Civil Court entered an order (the "2007 Order") awarding a final judgment of possession to the Landlord. . . . The Order indicated that the Civil Court would issue a warrant of eviction forthwith but stayed the warrant's execution to permit Griggsby to cure the defaults by a January 16, 2007 deadline. Griggsby's appeal of the final judgment was dismissed for failure to perfect."). The language quoted above shows how the *Griggsby* court considered the January 5, 2007, judgment for possession to be final enough to justify issuing a warrant of eviction even before the judgment became non-appealable.

71 Washington also points out that a bankruptcy court in this district allowed a landlord to proceed with eviction under 11 U.S.C. § 362(b)(22) even before the time to take an appeal, let alone the time to perfect an appeal, had run. *See* N.Y. C.P.L.R. 5513(a) (McKinney) ("An appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry . . . ."); *RAE Realty LLC v. Alsterklint*, No. LT-320305-22 (Civ. Ct. N.Y. Cnty. May 31, 2023) (docket showing no affidavit of service of the judgment or notice of its entry); *In re Alsterklint*, No. 23-11582 (JLG), 2023 WL 8261350, at *5 (Bankr. S.D.N.Y. Nov. 29, 2023) ("[T]he Court finds that the automatic stay is not applicable to the Summary Proceeding. The Court grants the Landlord's Motion under section 362(b)(22).").

The Court's holding based on the judgment's date means the Court need not decide whether a judgment must be "final" and unappealable to support application of 11 U.S.C. § 362(b)(22). The Court therefore declines to endorse either party's position at this time.

2. Whether Eviction Would Violate the Automatic Stay by Interfering with Mr. Resnicow's Ownership of Shares in 71 Washington

The parties agree that Mr. Resnicow's bankruptcy estate owns the Shares. Debtor's Motion at ¶¶ 52-55; Opposition at ¶¶ 71-76. 71 Washington argues that it has not sought to strip Mr. Resnicow or the estate of the Shares, but Mr. Resnicow contends that eviction would violate the automatic stay by interfering with his estate's property rights in the Shares. Debtor's Motion at ¶¶ 50-55. "Property interests are created and defined by state law." *Butner v. United States,* 440 U.S. 48, 55 (1979).

> "The ownership interest of a tenant-shareholder in a co-operative apartment is sui generis. It reflects only an ownership of a proprietary lease, and therefore arguably an interest in a chattel real, conditional however upon his shareholder interest in the co-operative corporation, an interest always treated as personal property. The leasehold and the shareholding are inseparable. For some special purposes [principally relating to federal securities laws, *see, e.g.*, *United Hous. Found., Inc. v. Forman,* 421 U.S. 837, 854-60 (1975); *Grenader v. Spitz,* 537 F.2d 612, 619-20 (2d Cir. 1976)], the real property aspect may predominate . . . ."

*State Tax Comm'n v. Shor,* 371 N.E.2d 523, 524 (N.Y. 1977). The parties and this Court have not identified case law under 11 U.S.C. § 362(b)(22) discussing whether pursuit of eviction remedies under the lease held by a coop "owner" would interfere with that resident's simultaneous shareowner rights, and that question need not be decided here.

11

3. <u>Whether the Automatic Stay Protects any Interest in the Proprietary Lease</u>

Mr. Resnicow contends that the proprietary lease survived the state court Ejectment Order & Judgment, making the proprietary lease property of his bankruptcy estate. *See* Debtor's Motion at ¶ 48. To support his argument, he cites a decision of this Court interpreting the New York Real Property Actions and Proceedings Law, as amended in 2019, which held that "[a]fter the amendment of RPAPL § 749(3), the issuance of the warrant of eviction no longer cancels the nonresidential lease and annuls [the] landlord-tenant relationship." *In re Payam, Inc.*, 642 B.R. 365, 367 (Bankr. S.D.N.Y. 2022). He thus argues that the proprietary lease remains property of his bankruptcy estate and that 71 Washington therefore cannot legally evict him without relief from the automatic stay. *See* Debtor's Motion at ¶ 48. 71 Washington replies that the clear language of 11 U.S.C. § 362(b)(22) controls and allows enforcement of its judgment of eviction.

Again, because 71 Washington is incorrect in its view that 11 U.S.C. § 362(b)(22) applies to its judgment at all, the Court need not decide whether Mr. Resnicow's bankruptcy estate possesses some vestigial interest in the leasehold that remains protected by the automatic stay even if the eviction could otherwise proceed. 71 Washington's post-petition pursuit of eviction has no support from 11 U.S.C. § 362(b)(22) and, thus, violated the stay.

C. <u>Remedy</u>

As a stay violation has occurred, the question becomes what remedy to impose. Section 362(k) of the Bankruptcy Code directs that, subject to limited exceptions that do not apply here, "an individual injured by any willful violation" of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). For damages to be imposed, "[s]uch an act need not be performed with the specific intent to violate the stay . . . [r]ather, so long as the violator

12

possessed general intent in taking such actions which have the effect of violating the automatic stay, the intent requirement of § 362(h) [now § 362(k)] is satisfied." *In re Congregation Birchos Yosef*, 535 B.R. 629, 634-35 (Bankr. S.D.N.Y. 2015) (internal quotations and citations omitted); *see also In re Windstream Holdings, Inc.*, 634 F. Supp. 3d 99, 112 (S.D.N.Y. 2022) ("This observation echoes that of courts in [the 2d Circuit] discussing the standard applicable to individual debtors under § 362(k), under which any deliberate act taken in violation of a stay, which the violator knows to be in existence, justifies an award of actual damages.") (internal quotations omitted). This standard "encourages would-be violators to obtain declaratory judgments before seeking to vindicate their interests in violation of an automatic stay, and thereby protects debtors' estates from incurring potentially unnecessary legal expenses in prosecuting stay violations. . . . That is, Congress intended in § 362 to prevent self-help, or shooting first and aiming later." *Yosef*, 535 B.R. at 635 (internal citations and quotations omitted).

71 Washington's Opposition to the motion did not challenge Debtor's explanation of the standards for imposition of sanctions upon a showing of contempt; rather, 71 Washington insisted that there was no basis to impose sanctions because, in its view, the stay did not apply. *See* Opposition at ¶¶ 77-80. Unfortunately for 71 Washington, it is incorrect. The stay applies and is not overridden here by 11 U.S.C. § 362(b)(22). Accordingly, the Code requires that an appropriate remedy "shall" be awarded, as explained in the authority cited immediately above.

To summarize, the Court concludes that the stay applies and was violated by 71 Washington even after specific notice and a demand to discontinue its eviction efforts, that Mr. Resnicow is entitled to his damages, and that the appropriate measure of those damages is his reasonable fees and costs in bringing this motion. Mr. Resnicow did not seek punitive damages

13

and the Court sees no need to impose them. Mr. Resnicow is to make a supplemental submission of a proposed order along with a showing of his fees and expenses, to which 71 Washington will have an opportunity to respond. The Court encourages the parties to meet and confer in an attempt to arrive at an agreed upon form of order and sanction. If necessary, the Court will convene a conference or hearing upon receipt of the parties' further submissions.

## CONCLUSION

For the reasons stated above, Debtor's Motion to enforce the automatic stay is GRANTED, and the Court awards Mr. Resnicow his reasonable costs and fees in bringing his motion. On or before May 3, 2024, Mr. Resnicow shall file a proposed order along with a showing of his fees and costs. 71 Washington shall have five business days to respond. The Court then will enter an appropriate order or, if necessary, convene a further hearing. The Court encourages the parties to attempt to reach a consensual resolution of the award amount and, more broadly, the parties' overall entitlements. The Court further encourages the parties to minimize unproductive legal expense, delay, and acrimony throughout the case.

**It is so ordered.**

Dated: New York, New York
       April 24, 2024

                                            *s/ David S. Jones*
                                        Honorable David S. Jones
                                        United States Bankruptcy Judge

14